# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5466 | **DATE** | 11/21/2003 |
| **CASE TITLE** | Jill Erikson vs. Ungaretti & Harris, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' motion to dismiss (10-1) with respect to Count II is granted. The status hearing set for 11/25/03 at 10:30 a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 24 2003 date docketed | |
| | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/21/2003 | |
| | courtroom | | date mailed notice | |
| GL | deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JILL ERIKSON, )
)
      Plaintiff, )
)
v. ) No. 03 C 5466
)
UNGARETTI & HARRIS - EXCLUSIVE )
PROVIDER PLAN and UNICARE LIFE & )
HEALTH INSURANCE COMPANY, )
)
)
      Defendants. )

DOCKETED
NOV 2 4 2003

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge.

On August 6, 2003, Jill Erikson filed a three-count complaint against defendants Ungaretti & Harris - Exclusive Provider Plan and Unicare Life and Health Insurance Company (hereinafter "defendants") seeking an award of welfare benefits pursuant to various provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.* The defendants filed a motion to dismiss the complaint with respect to Count II. For the reasons set forth below, we grant the defendants' motion.[1]

### BACKGROUND

For the purpose of a motion to dismiss, we accept all well-pled allegations as true. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). We therefore recite the facts as Erikson presents them in her complaint.

Plaintiff Jill Erikson was a full-time employee of Ungaretti and Harris, a Chicago law firm, when, in February of 2002, she ceased working after suffering a seizure resulting from a blood clot in

---

[1]This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is an action brought under the laws of the United States (specifically, ERISA).

her brain. (Compl. ¶ 8.) At that time, she entered Castlewood Residential Treatment Center for treatment relating to the blood clot and other physical impairments. Erikson subsequently made a claim for benefits under Ungaretti and Harris' welfare benefit plan, asking that the plan pay for the treatment that she received while at Castlewood. (Compl. ¶ 9.) Pursuant to the terms of Ungaretti and Harris' welfare benefit plan, she requested pre-authorization from defendant Unicare for treatment at Castlewood. (Compl. ¶ 10.) Unicare at first sent written notification that the services had been authorized, but later decertified the treatment authorization. (Compl. ¶ 11.) Erikson responded by submitting evidence to Unicare to substantiate her claim for benefits. To this date, however, Unicare has not issued a new determination regarding her claim for benefits. (Compl. ¶ 11.)

In Count I of her complaint, Erikson requests relief pursuant to 29 U.S.C. § 1132(a)(1)(B) (referred to in this decision as § 502(a)(1)(B) of ERISA). That provision allows a beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." Specifically, Erikson requested in Count I that the court order the defendants to: 1) reimburse her for the cost of treatment at Castlewood; 2) pay prejudgment interest on the benefits accrued prior to the date of judgment; 3) pay Erikson's attorney's fees; and 4) recover "any and all other relief to which she may be entitled, as well as the costs of suit."

In Count II of her complaint, Erikson alleges that the failure to respond to her claim for benefits in a timely manner constituted a breach of fiduciary duty. She requests equitable relief pursuant to 29 U.S.C. § 1132(a)(3) (referred to in this decision as § 502(a)(3) of ERISA). That provision provides that a beneficiary may bring an action, "(A) to enjoin any practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Specifically,

Erikson asks that the court: 1) grant the benefits that she seeks along with prejudgment interest; 2) "remedy any procedural violations found to have existed by fashioning appropriate equitable relief;" and 3) award attorneys fees and costs. She specifies several types of equitable relief that the court could provide, including imposition of a financial penalty or the "denial of any deference to which defendants' decision might otherwise receive." In her response to defendants' motion to dismiss, Erikson articulates several other types of equitable relief she believes would be available to her if she prevails, including a constructive trust, equitable lien, a mandatory injunction, or restitution.

## DISCUSSION

We are presented with a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See id.* at 1520-21; *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied*, 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint is only required to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(2).

Defendants' primary argument is that the complaint should be dismissed with respect to Count II because a plaintiff may not simultaneously request the same relief under both § 502(a)(1)(B) and

§ 502(a)(3) of ERISA. As noted above, § 502(a)(1)(B) provides relief to a plaintiff seeking recovery of benefits or the enforcement of rights under a plan. Section 502(a)(3) authorizes a court to provide equitable relief to remedy violations of a plan. The defendants' argument is based on the Supreme Court's statements in *Variety Corp. v. Howe*, 516 U.S. 489 (1996). In that case, the Supreme Court described § 502(a)(3) as a "catchall provision," *id.* at 512, and noted that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief [under § 502(a)(3)], in which case such relief normally would not be 'appropriate.'" *Id.* at 515. Defendants conclude that, under the standard set forth in *Variety*, Count II must be dismissed because Erikson has stated a claim for relief pursuant to §502(a)(1)(B) and she is therefore not entitled to bring a claim for the same relief under § 502(a)(3). We agree on the grounds that Erikson has not stated any type of relief that would be available to her under § 502(a)(3) that would not otherwise be available to her under § 502(a)(1)(B).

The Seventh Circuit has not directly addressed the question of how to interpret the Supreme Court's decision in *Variety*. The question has been addressed, however, by several other circuits as well as by several judges within the Northern District of Illinois. Those cases almost universally have found that a claim for equitable relief must be dismissed under § 502(a)(3) where a plaintiff cannot demonstrate a remedy available under that provision that would not otherwise be available for a successful claim under § 502(a)(1)(B). *See Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996); *Bowles v. Reade*, 198 F.3d 752, 759-60 (9th Cir. 1999); *Kaliebe v. Parmalat USA Corp.*, No. 02-C-8934, 2003 WL 22282379, * 3-4 (N.D. Ill. 2003) (Coar, J.); *Schluter v. Principal Life Ins. Co.*, No. 00-C-2526, 2001 WL 476589, *4 (N.D. Ill. 2001) (Nolan, Magistrate J.); *White v. Sunstrand Corp.*, No. 98-C-50070,

2000 WL 713739, *12 (N.D. Ill. 2000) (Reinhard, J.); *Van Hoey v. Baxter Int'l, Inc.*, No. 96-C-6231, 1997 WL 665855, *7 (N.D. Ill. 1997) (Zagel, J.).[2]

Judge Coar's discussion in *Kaliebe* is particularly relevant to this case because the claims in both cases are virtually identical. In that case, as here, the plaintiff brought a claim under § 502(a)(1)(B) of ERISA alleging that he was improperly denied benefits due under his pension plan. He also brought a claim under § 502(a)(3), alleging that he was entitled to equitable remedies for breach of fiduciary duty relating to the same denial of benefits. *Kaliebe*, 2003 WL at *3. The court set forth the standard for assessing such a claim for equitable relief in the context of a motion to dismiss, stating that, "[i]f the other portions of the statute do provide adequate relief, then there would be no need to confront the appropriateness of equitable relief. If, however, the other portions of the statute do not afford adequate relief, then the Plaintiff's complaint must survive a motion to dismiss, as the appropriateness of equitable relief is a fact-intensive inquiry." *Id.* at *2. The court concluded that the ultimate remedy sought in a case involving improper denial of benefits would be the same under both § 502(a)(3) and § 502(a)(1)(B) - - namely, "a restoration of the level of benefits that the beneficiary believes to have been required

---

[2] Our research discloses that the only circuit to have come out the other way is the Second Circuit. In *Devlin v. Empire Blue Cross and Blue Shield*, the court held that the plaintiff could bring an action under both § 502(a)(1)(B) and § 502(a)(3) because "should plaintiffs' claim under ERISA § 502(a)(1)(B) . . . to enforce their rights under the plan fail, plaintiffs' breach of fiduciary duty claim is their only remaining remedy." 274 F.3d 76, 89 (2d Cir. 2001). That case is distinguishable because there the plaintiffs sought more than recovery of their benefits. They also faulted defendants for failing to provide appropriate documentation to employees explaining the terms of their benefit plan. This is the type of claim that cannot be remedied under the plain language of § 502(a)(1)(B), but that can be remedied by providing the parties with equitable relief. Specifically, the court in that case could have issued a mandatory injunction ordering the plan to provide employees with appropriate materials or, under the doctrine of equitable estoppel, ordered that the defendants be barred from enforcing portions of the plan not adequately explained to employees. In this case, the plaintiff only seeks recovery stemming from her denial of benefits, relief for which can clearly be provided under § 502(a)(1)(B). Thus, the court's rationale in *Devlin* is inapplicable.

under the plan" - - and thus granted the defendant's motion to dismiss with respect to claims arising under § 502(a)(3). *Id.* at *3.

Unless Erikson can state that she is entitled to some type of relief that would be unavailable to her under § 502(a)(1)(B), she may not bring a claim under § 502(a)(1)(3). A brief examination of the type of relief that Erikson requests makes the rationale for this requirement clear. For example, she states that, if she is ultimately successful in proving her claims for breach of fiduciary duty based on the denial of benefits, the court could issue a mandatory injunction ordering that the defendants pay the full amount of her claim. While it is true that a mandatory injunction is an equitable remedy, there is essentially no difference in this case between the court ordering the defendants to pay the full amount of her claim pursuant to § 502(a)(1)(B) for failure to pay her benefits and issuing a mandatory injunction ordering the court to pay the full amount of her claim to remedy a breach of fiduciary duty. The end result is exactly the same: she would be entitled to the full amount of money due to her under her plan. At the same time, if the court ultimately decided that she could not prevail under § 502(a)(1)(B), then it would also be impossible for the court to fashion equitable relief under § 502(a)(3) because Erikson's claims for breach of fiduciary duty rest on the exact same basis as her claims for denial of benefits. For example, it would make no sense for the court to deny plaintiff's claim for benefits under the plan and then issue a mandatory injunction ordering that the defendants pay Erikson the amount due under the plan on the grounds that the defendants breached their fiduciary duty by failing to pay her benefits owed under the plan.

The same analysis applies to Erikson's request for prejudgment interest. This court is authorized to provide Erikson with prejudgment interest if she prevails on her claim under § 502(a)(1)(B). *Fritcher v. Health Care Services Corp.*, 301 F.3d 811, 819-820 (7th Cir. 2002). It would make no sense for the court to again provide prejudgment interest as a form of equitable relief under § 502(a)(3). Likewise,

if the court ultimately declines to award benefits to Erikson, the court would clearly not be able to award her prejudgment interest under either § 502(a)(1)(B) or § 502(a)(3).

For each type of equitable remedy that Erikson requests, the court is authorized to provide the exact same type of relief pursuant to § 502(a)(1)(B). Likewise, if the court denies her claims, then none of the equitable relief requested would be available to her under § 502(a)(3) either. In the end, Erikson has not stated that there is any type of equitable relief that would be available to her under § 502(a)(3) if she is unable to prevail on her § 502(a)(1)(B) claim.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss with respect to Count II. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 11/21/03